Dear Mr. Fontenot:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for our opinion on the constitutionality and enforceability of an ordinance recently passed by the Simmesport Town Council. The ordinance in question mandates that the purchase of fuel and repair of vehicles and equipment be rotated monthly with businesses located within the corporate limits of Simmesport.
Your request indicates that currently the Town of Simmesport purchases approximately 90% of its items within the corporate limits of Simmesport. However, you question the constitutionality of an ordinance which purports to limit the authority of the mayor in performing his day-to-day duties. You specifically point out that considerations such as prices, availability, conflicts of interest, business hours, quality of repairs, and quality of products make it necessary for a mayor to choose vendors or suppliers that are located outside the corporate limits of Simmesport. You have asked for our opinion as to whether the ordinance in question is constitutional, legal, and enforceable.
Louisiana Revised Statute 33:404 provides, in pertinent part, the following:
404. Duties of mayor
A. The mayor shall have the following powers, duties, and responsibilities:
 (1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinance adopted by the board of aldermen and with applicable *Page 2 
provisions of state law; however, no such ordinance may limit the authority granted to the mayor by this Paragraph. All administrative staff shall be subordinate to the mayor.
Our office has previously opined that an ordinance that would interfere with the mayor's right to conduct the daily operations of the municipality is improper in a Lawrason Act community. See Attorney General Opinion No. 98-58. Further, in Attorney General Opinion No. 00-205, we concluded that the mayor is able to "pay specific bills without approval of the board of aldermen as long as the bills fall within a category in the approved budget and proper appropriations have been made".
Accordingly, we are of the opinion that the proposed ordinance appears to be an improper impingement of the Mayor's authority. In accord with our previous opinions, if the expenditures or purchases contemplated by the Mayor fall within a category in the approved budget, the Mayor is free to make such expenditures and is not obligated to adhere to the ordinance in question.
Additionally, the ordinance in question appears to run afoul of Louisiana's Public Bid Law. Requiring all purchases of fuel, and the repair of vehicles and equipment be rotated among businesses located within the corporate limits of Simmesport appears to amount to a form of "pre-qualification". On numerous occasions this office has held that "pre-qualification" is not allowed under the Public Bid Law. See Attorney General Opinion Nos. 85-630, 98-497.
We trust the response contained herein adequately addresses the question presented. If you should have any questions, please feel free to contact our office. Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:__________________________
 MICHAEL J. VALLAN
 Assistant Attorney General
 CCF, JR/KLR, III/crt